1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7 | STRIKE 3 HOLDINGS, LLC,                Case No.  23-cv-05487-LJC

8 |             Plaintiff,

9 |     v.                                **ORDER ON EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**

10 | JOHN DOE SUBSCRIBER ASSIGNED IP        Re: ECF No. 8
ADDRESS 76.216.4.65,

11 |             Defendant.

12

13      Plaintiff Strike 3 Holdings, LLC filed an *ex parte* application for leave to serve a third-

14 party subpoena prior to a Rule 26(f) conference.  The Court finds as follows:

15      1.    Plaintiff has established "good cause" to serve a third-party subpoena on AT&T

16 Internet (hereinafter the Internet Service Provider or ISP).  See UMG Recording, Inc. v. Doe, 2008

17 WL 4104214, *4 (N.D. Cal. 2008); Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6–7

18 (D.D.C. 2008);

19      2.    Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to

20 provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned the

21 internet protocol ("IP") address as set forth in Exhibit A to the Complaint.  Plaintiff shall attach to

22 any such subpoena a copy of this Order;

23      3.    Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any

24 service provider identified in response to a subpoena as a provider of Internet services to the

25 Defendant;

26      4.    If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which

27 provides:

28

United States District Court
Northern District of California

the term "cable operator" means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

The ISP shall comply with 47 U.S.C. § 551(c)(2)(B), which provides:

A cable operator may disclose [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . .

by sending a copy of this Order to the Defendant; and

5.      Plaintiff may use the information disclosed in response to a Rule 45 subpoena served on the ISP only for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

6.      The ISP shall serve a copy of the subpoena and a copy of this Order on the subscriber(s) within 30 days of the date of service on the ISP.  The ISP may serve the subscriber(s) using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

7.      Each subscriber and ISP shall have 30 days from the date of service upon them to file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).  If the 30-day period lapses without a subscriber contesting the subpoena, the ISP shall have 10 days thereafter to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

8.      The ISP shall preserve all subpoenaed information pending production of the same to Plaintiff or final resolution of any timely filed motion to quash the subpoena.

//

//

//

//

//

//

2

9.    The name and/or other personal identifying information of the Defendant shall be provisionally filed under seal in all filings.  Once the Defendant has been served, the Court may require that he or she move for leave to proceed anonymously in this action.

**IT IS SO ORDERED.**

Dated: November 17, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

3